DEBORAH M. SMITH
Acting United States Attorney

TODD S. MIKOLOP
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case No.  3:06-cr-00032-JWS |
| Plaintiff, | ) ) ) | **PLEA  AGREEMENT** |
| vs. | ) ) | |
| ELKE WOBICK, a.k.a. ELKE HUTSON, | ) ) ) | |
| Defendant. | | |

I.     **INTRODUCTION**

　　　　A.     This document contains the complete plea agreement between the United States and the defendant, ELKE WOBICK, a.k.a. ELKE HUTSON.  No other agreement, understanding, promise, or condition exists between these two

parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

  B. The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1) (A) and (B). This means that the defendant or the government **may not withdraw** from this agreement if the court deviates from the sentencing recommendations made by the United States or by defense counsel. The court is, therefore, not bound by the government's and the defendant's sentencing estimates.

  C. Because this case arises out of conduct occurring after November 1, 1987, the defendant's sentence will be determined by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

  D. Because this is a negotiated resolution of the case against the defendant, the parties waive any claim for the award of attorney's fees and costs.

II. **<u>WHAT THE DEFENDANT AGREES TO DO</u>**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the

defendant on any charges, now known, arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

    A.    The defendant is named in an eighteen-count Indictment, in which she is charged with seventeen counts of Social Security Fraud in violation of 42 U.S.C. § 408(a)(7)(B) and one count of making a False Claim to U.S. Citizenship in violation of 18 U.S.C. § 911. Pursuant to this written agreement, the defendant agrees to plead guilty to Count 1, Social Security Fraud, a violation of 42 U.S.C. § 408(a)(7)(B), a felony provision, which is representative of Counts 1-17.

    B.    The parties have no agreement as to the application of any downward departures under the U.S.S.G. or any other authority. There is no agreement regarding a motion made under U.S.S.G. Section 5K1.1.

    C.    The defendant agrees that an appropriate sentence will be imposed by the Court at a later date.

    D.    The defendant agrees to pay a fine to the United States, and the amount will be determined by the Court.

E. **Waivers of appellate and collateral attack rights**

The defendant understands that by pleading guilty she waives her right to appeal her conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence within its parameters, she will knowingly and voluntarily waive her right, contained in 18 U.S.C. § 3742, to appeal the sentence imposed. Furthermore, the defendant also knowingly and voluntarily agrees to waive her right to collaterally attack her conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to her conviction or sentence alleging ineffective assistance of counsel-- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by him by the time the court imposes sentence; and 2) a challenge to the voluntariness of her guilty plea. The defendant agrees that if her guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if her sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including and in addition to charges that have been dismissed because of this agreement, which charges will be automatically reinstated.

F.   The defendant agrees to pay the special assessment of $100.00 required in this case on the day the court imposes sentence.

G.   The defendant agrees to pay restitution to the state of Alaska in the amount of $17,090.03 for fraudulently obtaining Alaska Permanent Fund Dividends and Alaska Public Assistance benefits.

## III.   WHAT THE GOVERNMENT AGREES TO DO

A.   The United States agrees not to prosecute the defendant further for any Social Security violations, now known, occurring prior to the court's acceptance of this agreement. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if her sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free, following the hearing and judicial determination of breech described in Section H, paragraph 4, supra, to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including and in addition to charges that have been dismissed because of this agreement, which charges will be automatically reinstated.

B.   If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting her criminal conduct and she

meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

      C.     The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority.

IV.    **Advisement of Maximum Penalties and Conditions of Sentence**

      A.     The maximum statutory penalties for a felony violation of 42 U.S.C. § 408(a)(7)(B) include 1) up to five years imprisonment, 2) a $250,000 fine, 3) a $100 mandatory special assessment, and 4) one year of supervised release.

      B.     Pursuant to 18 U.S.C. 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

      C.     The court may order that the defendant pay restitution pursuant to 18 U.S.C. 3663 and U.S.S.G. §5E1.1 however the parties agree that restitution for the fraudulently obtained Alaska Permanent Fund Dividends and Alaska Public

Assistance benefits is $17,090.03.

    D.    All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

**V.**    **<u>Guideline Applications and Sentencing Issues</u> -A Binding Estimate**

        **SUMMARY: COUNT 1 OF THE INDICTMENT**

        **BASE OFFENSE LEVEL- U.S.S.G.§ 2B1.1** . . . . . . . . . . . . . . . . . . . **<u>6</u>**

        **SPECIFIC OFFENSE CHARACTERISTICS** . . . . . . . . . . . . . . . **<u>+4</u>**

        **(LOSS AMOUNT §2B1.1(b)(1)(C))**

        **<u>ADJUSTED OFFENSE LEVEL</u>** . . . . . . . . . . . . . . . . . . . . . . . . . . **<u>10</u>**

        **ACCEPTANCE OF RESPONSIBILITY** . . . . . . . . . . . . . . . . . . . **<u>-2</u>**

        **BINDING ESTIMATED TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . **<u>8</u>**

        **BINDING ESTIMATED CRIMINAL HISTORY** . . . . . . . . . . . . **I**

        **NON-BINDING ESTIMATED**

        **SENTENCING RANGE** . . . . . . . . . . . . . . . . . . . **0-6 Mos. (Zone A)**

    A.    The parties agree the U.S.S.G. §2B1.1 provides for a base offense level of 6 for this offense. The parties agree that subsection (b)(1)(C) of that provision provides a four-point increase as the offense involved a loss amount

greater than $10,000 but less than $30,000, making the adjusted offense level 10. The parties agree the defendant should receive a two-point reduction in that level for acceptance of responsibility under U.S.S.G. §3E1.1(a) which would translate into an adjusted offense level of 8.  The parties agree that an adjusted offense level of 8, criminal history category I, provides for a sentence range of 0-6 months which lies within Zone A of the sentencing table.

      B.    The defendant fully understands the court is not required to accept this agreement and impose sentence in conformity with it.  If the court does not, the defendant will not be permitted to withdraw her plea if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

VI. **ELEMENTS OF THE OFFENSE**

In order to sustain a conviction for a felony violation of 42 U.S.C. § 408(a)(7)(B), the United States would have to prove beyond a reasonable doubt the following elements:

      (1)    On or about September 9, 2002, the defendant ELKE WOBICK, a.k.a. ELKE HUTSON, did for the purpose of obtaining a payment or benefit to which she was not entitled, to wit, State of Alaska Public Assistance

benefits and State of Alaska Permanent Fund Dividend benefits, with intent to deceive,

    (2)    falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to her or her daughter, Martina Staimer, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to her or her daughter.

## VII. **FACTUAL BASIS FOR THE PLEA**

COUNT 1

On or about September 9, 2002, in the District of Alaska, defendant ELKE WOBICK, a.k.a. ELKE HUTSON, falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to her or her daughter, Martina Staimer, when in fact those numbers are not the social security account numbers assigned by the Commissioner of Social Security to her or her daughter. The defendant, ELKE WOBICK, a.k.a. ELKE HUTSON, falsely represented these social security account numbers for the purpose of obtaining State of Alaska Public Assistance benefits and State of Alaska Permanent Fund Dividend benefits, payments or benefits that she was not entitled to receive.

ELKE WOBICK, a.k.a. ELKE HUTSON, repeated this false representation

on sixteen other occasions, listed in Counts 2-17 of the Indictment, between September of 2002 and October of 2005.  The total amount of Alaska Permanent Fund Dividends or Alaska Public Assistance fraudulently received by the defendant for herself or her daughter was $17,030.03.

## VIII.  ADEQUACY OF THE AGREEMENT

This plea agreement is appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence.  The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate herself.

## IX.    DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT

I, ELKE WOBICK, a.k.a. ELKE HUTSON, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A. I wish to enter a plea of guilty to Count 1 of the Indictment, which charges me with a felony violation of 42 U.S.C. § 408(a)(7)(B), which is representative of Counts 1-17.

B. My attorney, Richard Curtner, has explained the charge to which I am pleading guilty and the necessary elements, and the consequences of my plea.

C. I am admitting that the allegations contained in Count 1 of the Indictment and the factual basis for my plea are true.

D. I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issue of my guilt;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

--   The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel represent me during the sentencing phase of my case;

--   The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

--   The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

--   The right to contest the validity of any searches conducted on my property or person;

E.   I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court imposes a sentence within the parameters of this agreement. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective

assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence--which affected either my guilty plea or the sentence imposed by the court.  I am fully satisfied with the representation given me by my attorney, Rich Curtner.  We have discussed all possible defenses to the charges.   He has investigated my case and followed up on any information and issues I have raised with him to my satisfaction and he has  taken the time to fully explain the legal and factual issues involved in my case to my satisfaction.  We have discussed how my sentence could be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case.  We have also discussed the sentencing estimates prepared by the government contained in this agreement.

     F.     I further understand that if I plead guilty, there will not be a trial and that the court will ask me under an oath to answer questions about this offense.  I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

     G.     I understand that I have a right to plead not guilty and that no one can force me to plead guilty.  If anyone, including my attorney, has done or said

anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

    H.    As specifically set forth in this agreement in paragraph I. B. above, I understand that if the court deviates from the sentencing recommendations made by either the United States or my attorney, I may withdraw my guilty plea or from this agreement.

    I.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission.

    J.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea.  There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement.  If there were, I would so inform the court.  I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

    K.    I have read this plea agreement carefully and understand it

thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to Count 1 of the Indictment, a violation of 42 U.S.C. § 408(a)(7)(B), which is representative of Counts 1-17 of the Indictment.

DATED: 6/9/06

ELKE WOBICK
Defendant

As counsel for the defendant, I have discussed with her the terms of this plea agreement, have fully explained the charge to which she is pleading guilty and the necessary elements, all possible defenses, and the consequences of her plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question her competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 6/9/06

RICHARD KURTNER
Attorney for ELKE WOBICK

On behalf of the United States, the following accept ELKE WOBICK's offer to plead guilty under the terms of this plea agreement.

DATED: 6/12/06

TODD S. MIKOLOP
Special Assistant U.S. Attorney

DATED: 6/12/06

DEBORAH M. SMITH
Acting United States Attorney