DEBORAH M. SMITH
Acting United States Attorney

TODD S. MIKOLOP
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax (907) 271-1500
Email: todd.mikolop@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-00032-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES'** |
| | ) | **SENTENCING** |
| ELKE WOBICK, a.k.a. ELKE HUTSON , | ) | **MEMORANDUM** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the undersigned Special Assistant U.S. Attorney, and submits this Sentencing Memorandum:

## SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** .................. **3 MONTHS**

**SUPERVISED RELEASE** ....................... **3 YEARS**

**SPECIAL ASSESSMENT** ......................... **$100.00**

### I.   BACKGROUND

The defendant was charged by indictment and plead guilty to one count of Social Security fraud, in violation of Title 42 United States Code, § 408(a)(7)(B). Specifically, the defendant used a Social Security number not assigned to her to receive public assistance benefits and the Permanent Fund Dividend from the state of Alaska, totaling an actual benefit of $17,090.03.

As outlined in the Presentence Report, the defendant does not have a criminal history. The Government has not filed any objections to the Presentence Report.

### II.   SENTENCING CALCULATION AND RECOMMENDATION

#### A.   Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is 5 years in prison, a $250,000 fine, 3 years of supervised release, and a $100 special assessment.

**B.     Sentencing Guidelines Calculation.**

Based on the defendant's criminal history outlined in the Presentence Report, the defendant's ultimate adjusted offense level is 8 and her criminal history category is I.  Accordingly, the defendant faces a sentencing range of 0 to 6 months imprisonment.  The United States recommends a sentence of 3 months imprisonment, 3 years supervised release and a $100 special assessment.  The United States leaves the issue of a fine to the sound discretion of the Court.

**C.     The Effect of *Booker* and *Fan Fan*.**

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004).  The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury.  As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory."  Booker, 125 S. Ct. at 757.  This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction.  The sentence will be subject to review by the Court of Appeals for "reasonableness."

Id. at 769.  Accordingly, in the wake of Booker, this Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed.  Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."  Id. at 767.

The position of the United States is that, absent highly unusual circumstances, the sentence in a criminal case should fall within the Guideline range as determined by the Court.  This view is shared by Congress and the Supreme Court.  As every Supreme Court justice in the various opinions in Booker recognized, the Guidelines carry out the express national policy, as articulated by Congress, that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history.  See, e.g., id. at 767 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."); id. at 743 (same) ("Congress' basic statutory goal -- a system that diminishes sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the real conduct that underlies the crime of conviction."); id. at 759 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a

discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at 783 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing disparity.").

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. The Guidelines, consisting of offense characteristics and various grounds for departure, also address all of the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; © to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." Thus, fidelity to the Guidelines best accomplishes the purpose of fair and consistent sentencing, and should occur absent unusual circumstances.

Accordingly, a sentence within the Guideline range is presumptively reasonable, and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible. The United States anticipates that only sentences outside the Guideline range will be subject to appellate scrutiny for reasonableness in light of the Congressional mandate.

In this case no unusual circumstances exist that warrant an exception to the preference for Guideline sentencing. Therefore, the United States respectfully recommends that the Court sentence the defendant to a term of imprisonment of 3 months, which is a term of imprisonment in the middle of the Guidelines range of 0 to 6 months.

### III.   APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS

In addition to the Guidelines, as previously noted, Booker makes clear that the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 125 S. Ct. at 767. The Section 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6)

the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1) through (7). Each sentencing factor is addressed in turn:

> A. **<u>Nature and Circumstances of Offense and the History and Characteristics of the Defendant.</u>**

The nature and circumstances of the defendant's offense and the defendant's history and characteristics strongly support imposition of a sentence of 3 months of imprisonment. The defendant is a German national who has lived in the U.S. since 1998. She has not worked and relies on child support payments from an ex-husband and other financial assistance from friends. She apparently has made no effort, other than illegally, at making a living for herself. Instead, the defendant applied for and received public assistance benefits a total of seventeen times over the course of two years, and applied for (but was denied) the Alaska Permanent Fund Dividend over the course of 3 years. This conduct shows that the defendant was not a single mother who caught a bad break or needed money in a pinch. Rather, the defendant took advantage of the state system multiple times over multiple years, indicating that the defendant has a complete disregard for this country's laws.

### B. Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.

The need to appropriately reflect the seriousness the defendant's offense, afford appropriate deterrence, protect the public, and afford the defendant appropriate rehabilitation similarly dictate that a sentence of imprisonment of 3 months is appropriate.

First, the seriousness of the offense is exemplified in the multiple applications over a term of years that the defendant used a false social security number. This was not a one-time event. The defendant used a social security number that was not assigned to her a total of seventeen times over 3 years, defrauding the state of Alaska of more than $17,000.

Second, a sentence of 3 months imprisonment is critical to deter the defendant's conduct. The defendant has lived in the United States for 8 years but has not held a single job, instead relying on child support, friends, and illegal benefits to support herself and her daughters. Accordingly, a sentence of imprisonment of 3 months will protect the public from the defendant's criminal activity. The nature of the defendant's offenses demonstrate that she cares only about satisfying her own needs and thinks nothing of the laws of the United States.

### C. Kinds of Sentences Available.

The only sentence available and appropriate for the defendant's offense is a combination of confinement, a fine, and supervised release.

### D. Sentencing Ranges Available.

The United States' position with regard to an appropriate Guidelines sentence is detailed above.

### E. Pertinent Policy Statements.

The United States is unaware of any pertinent policy statement that suggests a range of imprisonment any less than a range of 0 to 6 months.

### F. Need to Avoid Sentence Disparity.

A sentence of imprisonment of 3 months is within the sentencing range of 0-6 months suggested by the Guidelines for other similarly situated defendants.

### G. Restitution.

The United States recommends, and the Defendant has agreed in a plea agreement, to restitution of $17,090.03 to the State of Alaska.

## IV. SENTENCING RECOMMENDATION

The defendant has a three-year history of illegally applying for benefits. Viewed in the context of the recommended Guideline calculation of 0-6 months, a sentence of 3 months imprisonment, an appropriate fine, and a $100 special assessment is fair and just.

RESPECTFULLY SUBMITTED this <u>18th</u> day of August, 2006, at Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        <u>s/Todd Mikolop</u>
        Special Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 W. 7th Avenue, #9, Room 253
        Anchorage, Alaska 99513-7567
        Phone: (907) 271-5071
        Fax (907) 271-1500
        Email: todd.mikolop@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the **UNITED STATES' SENTENCING MEMORANDUM** was served electronically on August 18, 2006 to:

Rich Curtner
Federal Public Defender


<u>s/Todd Mikolop</u>
Office of the U.S. Attorney